1  C. YONG JEONG, ESQ. (SBN 255244)
2  JEONG & LIKENS, L.C.
   1055 West 7th Street, Suite 2280
3  Los Angeles, CA 90017
   Tel: 213-688-2001
4  Fax: 213-688-2002

5
   Attorney for Plaintiff, URBAN TEXTILE, INC.
6

7              UNITED STATES DISTRICT COURT
8
9              CENTRAL DISTRICT OF CALIFORNIA

10
   URBAN TEXTILE, INC., a California
11 Corporation;                          Case No.: 2:15-cv-3456-ODW(FFMx)

12              Plaintiff,
                                         **[~~PROPOSED~~] PROTECTIVE ORDER**
13 vs.

14 SPECIALTY RETAILERS, INC., a          Hon. Frederick F. Mumm
   Texas Corporation; MARK-
15 EDWARDS APPAREL INC., a
   Canadian Federal Corporation; and
16 DOES 1-20, inclusive,

17              Defendants.

18
19
20
21
22
23
24
25
26
27
28

On stipulation of the Parties, the Court enters a Protective Order in this matter as follows:

## 1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this matter would be warranted.  Accordingly, the parties have stipulated to and petitioned this Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties have agreed that the terms of this Protective Order shall also apply to any future voluntary disclosures of confidential, proprietary, or private information.  The parties reserve their rights to object to or withhold any information, including confidential, proprietary, or private information, on any other applicable grounds permitted by law, including third-party rights and relevancy.

## 2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.3    "Confidential" and "Attorneys' Eyes Only" Information or Items: All information in whatever form, such as oral, written, documentary, tangible, intangible, electronic, or digitized now or hereafter in existence that the designating Party in good faith believes contains, reflects, regards, or discloses any trade secret or any confidential financial, research, development, business, or proprietary information. Confidential information that is particularly sensitive, private, or competitively valuable may be designated "Highly Confidential."

Material from a Producing Party.

2.6    Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7    Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.8    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

2.9    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation. The expert witness or consultant may not be a past or a current employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant, or someone who at the time of retention is anticipated to become an employee of the Party (including any affiliates or related entities) adverse to the Party engaging the expert witness or consultant.

2.10    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

1  //

2  //

3      3.    SCOPE

4          The protections conferred by this Stipulation and Order cover not only

5  Protected Material (as defined above), but also any information copied or extracted

6  therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

7  testimony, conversations, or presentations by parties or counsel to or in litigation or

8  in other settings that might reveal Protected Material.

9

10     4.    DURATION

11         Even after the termination of this action, the confidentiality obligations

12  imposed by this Order shall remain in effect until a Designating Party agrees

13  otherwise in writing or a court order otherwise directs.

14

15     5.    DESIGNATING PROTECTED MATERIAL

16         5.1    Exercise of Restraint and Care in Designating Material for

17  Protection.   Each Party or non-party that designates information or items for

18  protection under this Order must take care to limit any such designation to specific

19  material that qualifies under the appropriate standards. A Designating Party must

20  take care to designate for protection only those parts of material, documents, items,

21  or oral or written communications that qualify – so that other portions of the

22  material, documents, items, or communications for which protection is not

23  warranted are not swept unjustifiably within the ambit of this Order.

24         5.2    Manner and Timing of Designations.   Except as otherwise

25  provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as

26  otherwise stipulated or ordered, material that qualifies for protection under this

27  Order must be clearly so designated before the material is disclosed or produced.

28         Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material.

A Party or non-party that makes originals or copies of documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it intends to copy. During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must designate, either in writing or on the record (at a deposition), which documents, or portions thereof, qualify for protection under this Order. Then the Receiving Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend at the top of each copied page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").

(b) <u>for testimony given in deposition</u> <s>or in other pretrial or trial proceedings,</s>[FFM] that the Party or non-party offering or sponsoring the testimony make a statement designating the material on the record during the course of the deposition. In making such a designation, counsel shall attempt to identify and designate in good faith those portions of the transcript and exhibits that contain CONFIDENTIAL or ATTORNEYS' EYES ONLY information, and those portions of the transcript and exhibits so identified shall be separately marked and bound by the court reporter and labeled as containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information. In addition, within thirty (30) days after

the court reporter notifies all counsel that a completed transcript is available, any counsel may designate all or part of any deposition transcript (and/or exhibits) as containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information by serving a notice designating such material on all other Parties. Such notice shall specify the particular portions of the transcript and any exhibits that counsel wishes to designate as containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information by listing on a separate sheet of paper the numbers of the pages of the transcript and the particular exhibits containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information, so that the sheet may be affixed to the face of the transcript and each copy of the transcript. If no counsel designates any portion of a transcript as CONFIDENTIAL or ATTORNEYS' EYES ONLY on the record during the course of the deposition, or within the thirty (30) day period after counsel receives notice that a completed transcript is available, the transcript shall be considered not to contain any CONFIDENTIAL or ATTORNEYS' EYES ONLY information. Portions of a transcript (including exhibits) designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY information may only be disclosed in accordance with the terms of this Confidentiality Agreement and Stipulated Protective Order [Proposed].FFM

                (c)   for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "ATTORNEYS' EYES ONLY."

5.3     <u>Inadvertent Failures to Designate</u>.    The inadvertent or unintentional disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information without a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation shall not be deemed a waiver, either in whole or in part, of a Party's claim that the specific information disclosed, any related information, or any information on the same or a related subject matter is CONFIDENTIAL or ATTORNEYS' EYES ONLY. Upon discovery of an inadvertent or unintentional disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY information, counsel for the Parties should, to the extent possible, cooperate to restore the confidentiality of any CONFIDENTIAL or ATTORNEYS' EYES ONLY information that was inadvertently or unintentionally disclosed.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.    Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.    A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party in writing. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

6.3    <u>Court Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.  **The motion must be accompanied by a Joint Statement in compliance with Local Rule 37.**[FFM]  The parties agree that a confidentiality designation shall not create a presumption in favor of such confidentiality designation, and that the Court shall decide the issue as such.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

//

//

(a)    the Receiving Party's outside counsel, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Board members, officers and directors of the Receiving Party;

(c)    Other employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who are bound by internal confidentiality obligations as part of their employment or who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)    the Court personnel assigned to this litigation;

(f)    court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

1           (h)    the author of the document or the original source of the
2  information.

3           7.3   <u>Disclosure of "ATTORNEYS' EYES ONLY" Information or</u>
4  <u>Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the
5  Designating Party, a Receiving Party may disclose any information or item
6  designated "ATTORNEYS' EYES ONLY" only to:

7           (a)    the Receiving Party's outside counsel, as well as
8  employees of said outside counsel to whom it is reasonably necessary to disclose
9  the information for this litigation;

10         (b)    Experts (as defined in this Order) of the Receiving Party
11  to whom disclosure is reasonably necessary for this litigation and who have signed
12  the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

13         (c)    the Court personnel assigned to this litigation;

14         (d)    court reporters, their staffs, and professional vendors to
15  whom disclosure is reasonably necessary for this litigation and who have signed
16  the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

17         (e)    the author of the document or the original source of the
18  information.

19

20    8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>
21       <u>PRODUCED IN OTHER LITIGATION</u>

22    If a Receiving Party is served with a subpoena or an order issued in other
23  litigation that would compel disclosure of any Discovery Material, the Receiving
24  Party must so notify the Designating Party, in writing immediately and in no event
25  more than five business days after receiving the subpoena or order.  Such
26  notification must include a copy of the subpoena or court order.  The Receiving
27  Party also must immediately inform in writing the Party who caused the subpoena
28  or order to issue in the other litigation that some or all of the material covered by

the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an

//

opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.


9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.


10.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party, or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  Protected Material may be filed under seal in accordance with the procedure specified in Local Rule 79-5.1, or such other procedure as may be ordered by the Court.


11.    FINAL DISPOSITION

Unless otherwise ordered or agreed to in writing by the Producing Party, within 60 days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy the Protected Material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Inadvertent Production of Privileged Documents.  If a Party, through inadvertence, produces any document or information that it believes is immune from discovery pursuant to an attorney-client privilege, the work product privilege, or any other privilege, such production shall not be deemed a waiver of any privilege, and the Producing Party may give written notice to the Receiving Party that the document or information produced is deemed privileged and that return of the document or information is requested.  Upon receipt of such notice,

the Receiving Party shall immediately gather the original and all copies of the document or information of which the Receiving Party is aware, in addition to any abstracts, summaries, or descriptions thereof, and shall immediately return the original and all

//

//

//

//

//

such copies to the Producing Party.  Nothing stated herein shall preclude a Party from challenging an assertion by the other Party of privilege or confidentiality.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  January 21, 2016                    By:   /S/ _____
                                                            Honorable Frederick F. Mumm
                                                            U.S. Magistrate Judge

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Urban Textile, Inc. v. Specialty Retailers, Inc. et al.*, Case No. 2:15-cv-3456-ODW(FFMx). I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print full name] of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____