ADAM J. THURSTON (SBN 162636)
adam.thurston@dbr.com
RYAN S. FIFE (SBN 235000)
ryan.fife@dbr.com
JESSICA R. MEDINA (SBN 302236)
jessica.medina@dbr.com
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, CA  90067-1517
Telephone:   (310) 203-4000
Facsimile:    (310) 229-1285

Attorneys for Defendants
SPECIALTY RETAILERS, INC. and MARK-EDWARDS APPAREL INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URBAN TEXTILE, INC., a California Corporation,<br><br>                  Plaintiff,<br><br>v.<br><br>STAGE STORES, INC., a Delaware Corporation; SPECIALTY RETAILERS, INC., a Texas Corporation; MARK-EDWARDS APPAREL INC., a Canadian Federal Corporation; and DOES 1-20, inclusive,<br><br>                  Defendants. | Case No.  2:15-03456-ODW (FFMx)<br><br>*Hon. Otis D. Wright II*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>[Filed concurrently with Notice of Motion and Motion, Declaration of Adam J. Thurston, Separate Statement of Uncontroverted Facts, Request for Judicial Notice, [Proposed] Judgment]<br><br>Hearing Date:    April 10, 2017<br>Hearing Time:   1:30 p.m.<br>Courtroom:      5D<br>Pre-Trial Conf.:  May 15, 2017<br>Trial Date:       June 6, 2017 |

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES ISO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT - 88012082.1

CASE NO. 2:15-CV-03456 ODW (FFMx)

## I.  **INTRODUCTION**

In this copyright infringement case—one of at least 35 copyright infringement actions filed by Urban since 2013—Urban asserts claims against Defendants Mark-Edwards Apparel Inc. and Specialty Retailers, Inc. (collectively, "Defendants") for copyright infringement, and vicarious and/or contributory infringement.  However, this Court recently determined in a related case that one of the copyright registrations at issue, UB-4694, is invalid as a matter of law because the subject design was published prior to the time that Urban registered it as part of an unpublished collection.  This recent ruling of the Court also applies to UB-4701 because it was published prior to registration in the same manner, even though the registration states that it is an unpublished work.

Urban identified each of the designs at issue as _original, unpublished, works made for hire_ authored by Urban.  It did so despite the fact that _Urban published the designs prior to registration_ by placing them in design books upon creation, and/or by offering them for sale to potential customers via e-mail.  As this Court recently ruled, erroneously claiming that a published work is unpublished in an application for registration renders the registration incurably defective.  There is no principled reason for the Court to reach a different outcome here, and indeed, the Court's prior ruling is _res judicata_ as to UB-4694.

Notably, Urban has conceded that its registration for UB-4694 is invalid by filing a new registration for the design, though Urban has never produced the new registration to Defendants, despite repeatedly representing that it would do so.  In the registration application, Urban's president Tae O Chong certified and represented to the Copyright Office that a new registration was necessary "to correct a registration that was **_incorrectly made as unpublished_**."  (Emphasis added.)  Indeed, Urban has already filed another lawsuit against Defendants based upon the new registration for UB-4694.

Moreover, and in any event, Urban's copyright registration for UB-4701 is

- 1 -                    CASE NO. 2:15-CV-03456 ODW (FFMx)

1    invalid as a matter of law for the separate, independent reason that Urban registered

2    a prior version of the design with inconsequential differences only in coloration.

3    This renders UB-4701 ineligible for copyright registration as a matter of well-

4    settled law.  Urban concedes this deficiency by referring to UB-4701 and its

5    predecessor, UB-4638, collectively in the First Amended Complaint.[1]

6         Because a valid copyright registration is an absolute prerequisite to

7    maintaining a copyright infringement action, Urban's claims relating to UB-4694

8    and UB-4701 fail and partial summary judgment should be entered in Defendants'

9    favor.

10   **II.    STATEMENT OF FACTS**

11        Urban filed its First Amended Complaint ("FAC") against Mark-Edwards

12   and SRI on July 30, 2015.  (SUF ¶ 1.)  Defendant Mark-Edwards is a manufacturer

13   and distributor of women's apparel that has sold products to defendant SRI, a

14   retailer in the business of selling women's apparel.  (SUF ¶ 2.)  The FAC alleges

15   claims for copyright infringement, and vicarious and/or contributory copyright

16   infringement.  (SUF ¶ 1.)

17        There are four designs at issue in this case (the "Designs"), each of which

18   was registered by Urban based upon the claim that it was an original unpublished

19   work made for hire included as part of an unpublished collection.  (SUF ¶ 3.)  This

20   Court, in a related action, is currently considering the validity of the registrations

21   for each of the Designs. (SUF ¶ 5.)

22        **A.    Urban Acquires Designs From Vendors and Sometimes Modifies**

23             **Them**

24        Urban's president, Tae O. Chong—who has no training or education in

25   fashion—is responsible for the production of Urban's designs.  (SUF ¶ 6.)  Mr.

26   _____

27   [1] Acknowledging that the registration for UB-4701 is defective, Urban has
     represented that it intends to dismiss UB-4701 from the action, but has not yet done
     so.  (Defendants' Statement of Uncontroverted Facts ("SUF") ¶ 4.)  Accordingly, in

28   an abundance of caution, Defendants seek summary judgment as to UB-4701.

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES ISO          - 2 -          CASE NO. 2:15-CV-03456 ODW (FFMx)
DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT

Chong does not create Urban's fabric designs from scratch. (SUF ¶ 7.) Instead, he purchases designs from third-party design studio vendors (the "Vendors") and either registers them as-is or modifies them. (*Id.*) The Designs at issue in this case are based on designs that Urban purchased from Vendors. (SUF ¶ 8.)

As is the custom in the industry, the Vendors bring fabric samples of designs to Urban's offices and to the offices of other potential customers. (SUF ¶ 9.) It is worth noting that the designs are not specially commissioned for Urban, and this offering of samples to customers constitutes publication under copyright law.[2] Mr. Chong purchases designs during these in-person meetings based exclusively on the samples provided by the Vendors. (*Id.*) The Vendor executes the transfer agreement on the spot, and Urban retains the fabric sample. (*Id.*) The next day, Urban receives the electronic design file from the Vendor via e-mail. (*Id.*)

Urban uses Photoshop when it modifies the purchased designs. However, because Mr. Chong is not adept at Photoshop, he provides instructions to his employees on how he wants the purchased designs to be manipulated. (SUF ¶ 10.) The employees then implement Mr. Chong's instructions using Photoshop. (*Id.*) When Urban produces new designs, it assigns each new design the next unused number in sequence, such that designs with lower numbers were created before designs with higher numbers. (SUF ¶ 11.)

**B.    Urban Offers Its Designs For Sale to Customers**

Once a design is completed, Urban places it in a Design Book, which is shown to customers for the purpose of selling fabric bearing the designs.[3] (SUF ¶

---

[2]   *See* 17 U.S.C. § 101 ("'Publication' is the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership...."); COMPENDIUM § 1902 ("The legislative history explains that 'a work is 'published' if one or more copies or phonorecords embodying [the work] are distributed to the public'"); § 1906.1 ("Publication occurs when fabric, carpet, or wallpaper samples are offered to sales representatives for the purpose of selling those works to wholesalers and retailers.").

[3]   These Design Books have also been referred to as "look books" and "pattern books." (SUF ¶ 13.)

12.)  Customers visit Urban's studio to view designs "almost every day," or "around two times a week."  (SUF ¶ 13.)  Urban adds its designs to the Design Books so that customers can purchase fabric from Urban.  (SUF ¶ 12.)  Each of the Designs at issue appears in one of Urban's Design Books. (SUF ¶ 14.)

Urban also offers its designs for sale to customers through e-mail.  (SUF ¶ 15.)  Urban's customers often request samples of certain types of designs.  In response, Urban will e-mail the customer available designs that meet the requested criteria.  (*Id.*)  Urban provides these samples via e-mail so that customers can purchase fabric from Urban.  (*Id.*)  Urban offered each of the Designs for sale to prospective customer, California Blue, by e-mail in December of 2013.  (SUF ¶ 16.)

### C.   Urban Registers Its Designs as Unpublished Works Made for Hire

It is Urban's practice to apply for a copyright registration for each design that it produces.  (SUF ¶ 17.)  It does this regardless of whether registration is appropriate.  Each of the Designs at issue in this case was registered by Urban as an original, unpublished work made for hire included as part of an unpublished collection.  (SUF ¶ 3.)  As noted above, however, the evidence shows that the designs were published at least twice – once by Urban's Vendors who offered samples for sale to various parties, and again by Urban in its Design Books and e-mails.

### D.   Urban Filed a New Registration for UB-4694

In April 2016, Urban filed a new copyright registration for UB-4694, this time as a published work.  (SUF ¶ 18.)  Urban certified that it re-registered the design "to correct a registration that was incorrectly made as unpublished."  (*Id.*)  In addition, the new registration lists the "Date of 1st Publication" as "December 02, 2013."  (SUF ¶¶ 18, 16.)

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES ISO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT

- 4 -

CASE NO. 2:15-CV-03456 ODW (FFMx)

1

2

**E.**      <u>Urban Re-Registered UB-4638 as UB-4701 Based Merely on a</u>
              <u>Change in Coloration</u>

3      Urban created and registered UB-4638 before UB-4701. (SUF ¶ 23.) Urban

4 acknowledges, through deposition testimony and in its pleadings, that UB-4638 and

5 UB-4701 are the same design but with different colors. (*Id.*) Indeed, Mr. Chong

6 testified that his staff prepared the registration application for UB-4701 even though

7 it is the same (other than coloration) as UB-4638 and did not need to be registered

8 again:

9      Q:      4638 and 4701 are the same design but with different colors; right?

10      A:      That's right.

11      [. . .]

12      Q:      4638 was created first; right?

13      A:      Correct.

14      Q:      4701 was created after 4638; right?

15      A:      Correct.

16      Q:      We know this because 4701 is a higher number than 4638; correct?

17      A:      Correct.

18      [. . .]

19      Q:      Do you understand that you separately copyrighted 4701 after you

20               copyrighted 4638?

21      A:      Yes.

22      Q:      Why did you do that?

23      A:      Numbers had to be registered for copyright protection and as per this

24               particular design, it did not need to be registered for new copyright

25               but, nonetheless, I think the workers just did it.

26 (SUF ¶ 23.)

27

28

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES ISO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT

- 5 -

CASE NO. 2:15-CV-03456 ODW (FFMx)

### III.   LEGAL STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A genuine issue of material fact must be more than a scintilla of evidence or evidence that is merely colorable or not significantly probative.  *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000).  Only genuine disputes on facts that might affect the outcome of the case will preclude summary judgment.  *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### IV.   URBAN'S COPYRIGHT REGISTRATIONS FOR UB-4694 AND UB-4701 ARE INVALID

A copyright litigation plaintiff must prove ownership of a valid copyright registration as a prerequisite to the prosecution of its claims.  17 U.S.C. § 411; *Topolos v. Caldewey*, 698 F.2d 991, 994 (9th Cir.1983) ("Ownership of the copyright is...always a threshold question.").  A certificate of registration constitutes *prima facie* evidence of the validity of the copyrights and of the facts stated in the certificate.  17 U.S.C. § 410(c).  However, the presumptions of ownership and validity may be overcome by the "'offer [of] some evidence or proof to dispute or deny the plaintiff's *prima facie* case of infringement.'"  *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1145 (9th Cir. 2003) (quoting *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997)).

A.   **Erroneously Claiming in a Copyright Registration Application That a Published Work is Unpublished Renders the Registration Incurably Defective and Invalid**

The Copyright Act expressly authorizes the Register of Copyrights (the "Register") to proscribe the conditions and procedures for the registration of copyrights and the applications for registration.  17 U.S.C. §§ 408(c)(1), 409.  If all of the legal and formal requirements of registration have not been met, the certificates of registrations may be cancelled.  17 U.S.C. §§ 410(b), 411(b)(2); *see also* 37 C.F.R. § 201.7(b).  Thus, in order to maintain this action, Urban must prove that it satisfied the requirements for registration set forth in the federal regulations promulgated by the Register.  *See* 17 U.S.C. § 411.

The Copyright Act permits the registration of a group of related works as a single work.  17 U.S.C. § 408(c)(1).  However, for the purposes of registration as a single work, the federal regulations distinguish between published works and unpublished works.  *See* 37 C.F.R. § 202.3(b)(4)(i).  A work is "published" for the purposes of the Copyright Act when copies of the work are distributed "to the public by sale or other transfer of ownership, or by rental, lease, or lending," or offered to be distributed "to a group of persons for purposes of further distribution."  17 U.S.C. § 101.  Moreover, "[p]ublication occurs when fabric, carpet, or wallpaper samples are offered to sales representatives for the purpose of selling those works to wholesalers and retailers."  U.S. Copyright Office, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES ("COMPENDIUM") § 1906.1 (3d ed. 2014).[4]

---

[4] The COMPENDIUM is "the administrative manual of the Register of Copyrights [and] provides expert guidance to… practitioners, scholars [and] the courts… regarding institutional practices and related principles of law."  COMPENDIUM at Introduction.  Courts routinely cite the COMPENDIUM as authority on copyright issues.  *See, e.g., Alaska Stock, LLC v. Houghton Mifflin Harcourt Publishing Co.*, 747 F.3d 673, 684 (9th Cir. 2014) (finding the COMPENDIUM "persuasive" concerning the registration requirements for databases); *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1041-42 (9th Cir. 2014) (finding the COMPENDIUM "persuasive" on the issue of conceptual separability); *Jane Envy, LLC v. Infinite Classic Inc.*, No. 5:14-CV-83-DAE, 2014 WL 7338884, at *4 (W.D. Tex. Dec. 22,

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES ISO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT

- 7 -

CASE NO. 2:15-CV-03456 ODW (FFMx)

A published work mistakenly included in an unpublished collection is not validly registered as part of the collection.  COMPENDIUM § 1802.7(C).  Indeed, prior publication invalidates the registration as to the previously published work.  *See L.A. Printex Indus. v.  Aeropostale*, 676 F.3d 841 (9th Cir. 2012); *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 230 (S.D.N.Y. 2012); *Ledesma v. Del Records, Inc.*, No. 2:15-cv-04266-ODW-GJSx, 2015 WL 8023002 at *3 (C.D. Cal. Dec. 4, 2015).  Nor can this fatal error be corrected with a supplementary registration:

> A supplementary registration is not acceptable to correct a registration that did not identify the work as published. ***The deposit requirement for a published work is different from that for an unpublished work. Therefore, the proper deposit requirement has not been met and cannot be met with a supplementary registration.*** In this case, another basic registration should be made with the proper deposit materials for a published work.

U.S. Copyright Office, CIRCULAR 8 at 3 (2013) (emphasis added).  *See also*, COMPENDIUM § 1802.7(C) (same).

Therefore, if any of Urban's Designs were published prior to being registered as part of an unpublished collection, the registrations are invalid for failure to comply with the deposit requirements.  As explained below, the registrations for each of the Designs at issue are invalid based on prior publication.

## B.   This Court Already Declared the Registration for UB-4694 Invalid

This Court recently entered summary judgment against Urban in another of Urban's many copyright infringement actions (the "Cato Action").  (*See* Request for Judicial Notice ("RJN") filed concurrently herewith, at Exhibit A.)  There—under an identical set of facts involving the same plaintiff, the same evidence, and the same design—this Court granted summary judgment that Urban's registration

---

2014) (noting that the COMPENDIUM "may be referred to as persuasive authority representing the legal determinations of the Copyright Office.").

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES ISO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT

- 8 -

CASE NO. 2:15-CV-03456 ODW (FFMx)

for UB-4694 is invalid as a matter of law because it was published prior to being registered as part of an unpublished collection.  (RJN, Exh. A at 11.)

The Court found that Urban previously published UB-4694 by "placing the design in its Design Book in its studio," and "by offering it for sale in a series of emails to a prospective customer."  (RJN, Exh. A at 6.)  According to the Court:

> Existing and prospective customers seek out Urban's designs for the sole purpose of acquisition; they walk in to Urban's studio or request to view their designs with the intent of reselling it.  And by providing access to the designs, Urban is giving its customers not only the ability to view the designs, but also the ability to acquire them.  Urban is showing a willingness to enter into a bargain, such that any reasonable customer would understand the product as being offered to him or her for sale.  As such, the Court finds that Urban's actions constitute an offer to distribute [UB-4694] for the purpose of further distribution, and thus publication of such.

(RJN, Exh. A at 8.)

As this Court held: "A published design included in an unpublished collection copyright registration application cannot be registered as part of the collection."  (RJN, Exh. A at 9.)  Therefore, the inclusion of UB-4694 in a collection of purportedly unpublished designs was a material error that "invalidate[d] the registration as to the very design that [wa]s the subject of th[e] lawsuit."  (RJN, Exh. A at 10.)

"Because a copyright holder may only sue for infringement of a copyright in which it possesses a valid copyright registration," the Court held that Urban could not "bring suit on its claims for either direct or contributory/vicarious infringement of [UB-4694]."  (RJN, Exh. A at 11.)  Accordingly, Urban cannot assert claims for either direct or derivative infringement based on UB-4694 in this action, and summary judgment should be entered in Defendants' favor as to UB-4694.  Indeed, this ruling is *res judicata* as to UB-4694.  *See Blonder-Tongue Lab v. University of Illinois Found.*, 402 U.S. 313 (1971) (in patent infringement suit, patentee was

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES ISO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT

- 9 -

CASE NO. 2:15-CV-03456 ODW (FFMx)

1   estopped from asserting validity of patent that was declared invalid in prior suit in

2   federal court against different defendant unless patentee demonstrated that he did

3   not have full and fair opportunity to litigate validity in prior suit); *see also* 3-12

4   Nimmer on Copyright § 12.07 (2015) ("If…the copyright were held invalid in an

5   earlier action, in a later action involving the same plaintiff but not the same

6   defendant, it would appear that such later defendant may interpose a defense of

7   collateral estoppel, notwithstanding the fact that he was not a party to the earlier

8   action.").

9       **C.   Urban's Re-Registration of UB-4694 Concedes the Deficiency**

10      Even if the *Cato* Order was not dispositive of Urban's claims based on UB-

11  4694 (it is), significantly, Urban has acknowledged that its registration for UB-4694

12  is fatally defective.  In April 2016, Urban's principal, Tae O Chong, filed a new

13  application for UB-4694.  (SUF ¶ 18.)[5]  Mr. Chong certified in the registration

14  application that the previous registration of UB-4694 "was incorrectly made as

15  unpublished," and declared that the design was first published on December 2,

16  2013.  (*Id.*)

17      By filing this new application, Urban has admitted that the registration for

18  UB-4694 upon which this action is based is incurably defective.  Indeed, Urban has

19  already filed another lawsuit against Defendants based upon the new registration for

20  UB-4694.  (SUF ¶ 19.)  Urban should not be permitted to prosecute this action

21  based upon a registration that it concedes is invalid.  Accordingly, Urban cannot

22  maintain its claims for either direct or contributory/vicarious infringement of UB-

23  4694.

24

25

26

27  [5] Notably, Urban has never produced the new registration to Defendants—either in response to discovery requests seeking the registrations for the designs at issue, or in response to Defendants' informal requests—despite repeatedly committing to do

28  so.  (SUF ¶ 20.)

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES ISO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT                - 10 -                CASE NO. 2:15-CV-03456 ODW (FFMx)

**D.   Urban's Registration for UB-4701 is Invalid**

    **1.   Like UB-4694, UB-4701 Was Published Prior to Being Registered as Part of an Unpublished Collection**

The Court's reasoning in the *Cato* Action applies with equal force to UB-4701.  In the *Cato* Action, this Court found that Urban published UB-4694 in December 2013 by offering it for sale in a series of e-mails to California Blue, a prospective customer.  (RJN, Exh. A at 6.)  As the Court explained, these e-mails constitute publication because "customers cannot purchase Urban's designs without first 'viewing' them and California Blue cannot resell the Subject Design without first buying it from Urban….And by providing access to the designs, Urban is giving customers not only the ability to view the designs, but also the ability to acquire them."  (RJN, Exh. A at 8.)  So too here.  Indeed, the same series of e-mails constitutes prior publication of UB-4701.

Urban purported to register UB-4701 with the United States Copyright Office ("USCO") as unpublished on January 17, 2014 as part of a collection of designs entitled "Urban Textile-46," pursuant to registration No. VAu 1-158-171.  (SUF ¶ 21.)  However, Urban published UB-4701, like UB-4694, by offering it for sale in a series of e-mails to California Blue in December 2013.  (SUF ¶ 22.)  Thus, Urban published UB-4701 before the date it registered the design as unpublished, and Urban's registration for UB-4701 is invalid as a matter of law.  *See L.A. Printex Indus*, 676 F.3d at 845 (noting the USCO's ruling that published works registered as unpublished could not be corrected and were not subject to copyright protection); *Family Dollar Stores*, 896 F. Supp. 2d at 231-32 (including the previously published design that was the basis for the lawsuit in a collection of unpublished works was a material error because "the error invalidate[d] the registration as to the very design that [was] the subject of [the] lawsuit"); *Determined Productions, Inc. v. Koster*, No. C 92-1697 BAC, 1993 WL 120463 at *1 (N.D. Cal. Apr. 13, 1993) (citing the Compendium, invalidating copyright registration, and dismissing

1 infringement claim because "[w]rongly identifying a number of published

2 individual works as an unpublished collection is a fundamental registration error.").

3 **2.      Urban's Registration for UB-4701 is Invalid Because it is a**

4 **Later Version of UB-4638 With Only Inconsequential**

5 **Differences in Coloration**

6      Urban's registration for UB-4701 is also invalid for the separate, independent

7 reason that it is a recolored version of an earlier-registered design.  (SUF ¶ 23.)  It

8 is well-established that the Copyright Office "cannot register mere variations in

9 coloring, regardless of whether the variations are made by hand, by computer, or

10 any other process."  COMPENDIUM § 313.4(K).  As the Compendium explains, the

11 Copyright Office will not register "a new version of a fabric design where the

12 colors red and blue are substituted for the colors yellow and green."  *Id.*

13 Nevertheless, Urban ignored this fundamental principle, and did precisely that.

14      By re-registering this design after merely making a change in coloration,

15 Urban has flagrantly disregarded the laws and regulations governing copyright

16 registration.  Moreover, Urban knew it was inappropriate and unnecessary to apply

17 for a new registration, as Mr. Chong acknowledged when he stated in his

18 deposition:  "this particular design, it did not need to be registered for new

19 copyright but, nonetheless, I think the workers just did it."  (SUF 23.)

20      Because UB-4701 is a mere variation in coloring of the earlier design UB-

21 4638, Urban's registration for UB-4701 is invalid as a matter of law.  Accordingly,

22 Urban cannot maintain its claims for either direct or contributory/vicarious

23 infringement of UB-4701.

24 **V.      CONCLUSION**

25      For the foregoing reasons, Mark-Edwards Apparel Inc. and Specialty

26 Retailers, Inc. respectfully request that the Court grant partial summary judgment in

27 Defendants' favor as to UB-4694 and UB-4701.  Defendants further request that the

28 Court award Defendants attorneys' fees and costs as the prevailing party as to these

DRINKER BIDDLE &
REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

MEMORANDUM OF POINTS AND AUTHORITIES ISO
DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT

- 12 -

CASE NO. 2:15-CV-03456 ODW (FFMx)

1    claims.

2

3    Dated:  March 6, 2017                    DRINKER BIDDLE & REATH LLP

4                                             By:  /s/ Adam J. Thurston

5                                                  Adam J. Thurston
                                                   Ryan S. Fife
                                                   Jessica R. Medina
6
                                             Attorneys for Defendants
7                                            Mark-Edwards Apparel Inc. and
                                             Specialty Retailers, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES ISO        - 13 -        CASE NO. 2:15-CV-03456 ODW (FFMx)
DEFENDANTS' MOTION FOR PARTIAL SUMMARY
JUDGMENT