Adam J. Thurston (SBN 162636)
adam.thurston@dbr.com
Ryan S. Fife (SBN 235000)
ryan.fife@dbr.com
Jessica R. Medina (SBN 302236)
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067-1517
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Attorneys for Defendant
SPECIALTY RETAILERS, INC. and
MARK-EDWARDS APPAREL INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| URBAN TEXTILE, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>STAGE STORES, INC., a Delaware Corporation; SPECIALTY RETAILERS, INC., a Texas Corporation; MARK-EDWARDS APPAREL INC., a Canadian Federal Corporation; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:15-CV-03456 ODW (FFMx)<br><br>*Hon. Otis D. Wright II*<br><br>**SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed concurrently with Notice of Motion and Motion, Memorandum of Points and Authorities, Declaration of Adam J. Thurston, Request for Judicial Notice, and [Proposed] Judgment]<br><br>Hearing Date: April 10, 2017<br>Hearing Time: 1:30 p.m.<br>Courtroom: 5D<br>Pre-Trial Conf.: May 15, 2017<br>Trial Date: June 6, 2017 |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
88014181.1

CASE NO.: 2:15-CV-03456-ODW-FFM

Pursuant to Local Rule 56-1, Defendants Mark-Edwards Apparel Inc. and Specialty Retailers, Inc. (collectively, "Defendants") respectfully submit the following Statement of Uncontroverted Facts and Conclusions of Law in support of Defendants' Motion for Partial Summary Judgment.

## UNCONTROVERTED FACTS

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. Urban filed its First Amended Complaint against Mark-Edwards and SRI on July 30, 2015. The FAC alleges claims for copyright infringement, and vicarious and/or contributory infringement. | Exhibit 1; ECF No. 17. |
| 2. Defendant Mark-Edwards is a manufacturer and distributor of women's apparel that has sold products to defendant SRI, a retailer in the business of selling women's apparel. | Exhibit 2 ¶ 15; ECF No. 18. |
| 3. There are four designs at issue in this case, each of which was registered by Urban based upon the claim that it was an original unpublished work made for hire included as part of an unpublished collection. | Exhibit 1; Exhibits 3-6. |
| 4. Urban has represented that it intends to dismiss UB-4701 from the action, but has not yet done so. | Thurston Decl. ¶ 4. |
| 5. This Court, in a related action, is currently considering the validity of the registrations for each of the designs at issue. | Thurston Decl. ¶ 3. |
| 6. Urban's president, Tae O. Chong—who has no training or education in fashion—is responsible for the production of Urban's designs. | Exhibit 8 at 21:8-9, 25:13-17; Exhibit 10 at 21:22-22:13. |
| 7. Mr. Chong does not create Urban's fabric designs from scratch. Instead, he purchase designs from third-party design studio vendors and then either registers them as-is or modifies them prior to regfistration. | Exhibit 8 at 26:21-28:8, 28:10-14, 92:8-15; Exhibit 10 at 42:12-22. |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
88014181.1
- 1 -
CASE NO. 2:15-CV-03456 ODW (FFMx)

| **UNCONTROVERTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 8. The Designs at issue in this case are based on designs that Urban purchased from Vendors. | Exhibit 9 at 159:7-9, 235:18-21, 245:12-17, 246:23-247:7. |
| 9. As is the custom in the industry, the Vendors bring fabric samples of designs to Urban's offices. Mr. Chong purchases designs during these in-person meetings based exclusively on the samples provided by the Vendors. The Vendor executes the transfer agreement on the spot, and Urban retains the fabric sample. The next day, Urban receives the electronic design file from the Vendor via e-mail. | Exhibit 9 at 188:17-24, 189:16-19, 204:7-21; Exhibit 10 at 42:23-44:6, 44:21-46:15. |
| 10. Urban uses Photoshop to modify the purchased designs. However, because Mr. Chong is not adept at Photoshop, he provides instructions to his employees on how he wants the designs to be manipulated. The employees then implement Mr. Chong's instructions using Photoshop. | Exhibit 8 at 94:9-22, 94:25-95:5, 95:13-20; Exhibit 10 at 37:18-39:12. |
| 11. When Urban produces new designs, it assigns each new design the next unused number in sequence, such that designs with lower numbers were created before designs with higher numbers. | Exhibit 9 at 160:25-161:2. |
| 12. Once a design is completed, Urban places it in a Design Book for the purpose of selling fabric bearing the designs. Urban's sole business is selling designs and fabric to the fashion industry. | Exhibit 8 at 70:10-17; 110:22-111:10, 114:20-23; Exhibit 9 at 139:14-140:18; Exhibit 10 at 73:2-19, 79:3-5; 82:8-83:11. |
| 13. Urban has three Design Books: (1) Geometric, (2) Ethnic, and (3) Chevron. The Design Books are in Urban's studio for customers to view. Customers visit Urban's design studio "almost every day," or "around two times a week." These Design Books have also been referred to as "look books" and "pattern books." | Exhibit 9 at 139:14-140:18; Exhibit 10 at 73:2-19, 79:3-5; 82:8-83:11; *see also* Exhibit 11 (Urban's Chevron Design Book); *see also* Exhibit 12 (Urban's Ethnic Design Book). |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
88014181.1

- 2 -

CASE NO. 2:15-CV-03456 ODW (FFMx)

| **UNCONTROVERTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 14. Each of the Designs at issue appears in one of Urban's Design Books. | Exhibit 11 at 37 (UB-4638), 48 (UB-4701), 40 (UB-4672), 47 (UB-4694); Exhibit 12 at 10 (UB-4638), 15 (UB-4701). |
| 15. Urban also offers its designs for sale to customers through e-mail. Urban's customers often request samples of certain types of designs. In response, Urban will e-mail the customer available designs that meet the requested criteria. Urban provides these samples via e-mail so that customers can purchase fabric from Urban. | Exhibit 8 at 109:12-110:11; Exhibit 9 at 173:22-174:1; *see also* Exhibits 13 and 14. |
| 16. Urban offered each of the Designs for sale to prospective customer, California Blue, by e-mail in December of 2013. | Exhibits 13 and 14. |
| 17. It is Urban's practice to apply for a copyright registration for each design that it produces. It does this regardless of whether registration is appropriate. | Exhibit 9 at 165:1-3; 161:22-162:3. |
| 18. In April 2016, Urban filed a new copyright registration for UB-4694, this time as a published work. Urban certified that it re-registered the design "to correct a registration that was incorrectly made as unpublished." In addition, the new registration lists the "Date of 1st Publication" as "December 02, 2013." | Exhibit 7. |
| 19. Urban has filed another lawsuit against Defendants based upon the new registration for UB-4694. | Thurston Decl. ¶ 8. |
| 20. Urban has never produced the new registration to Defendants—either in response to discovery requests seeking the registrations for the designs at issue, or in response to Defendants' informal requests—despite repeatedly committing to do so. | Thurston Decl. ¶ 7. |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
88014181.1
- 3 -
CASE NO. 2:15-CV-03456 ODW (FFMx)

| **UNCONTROVERTED FACTS** | **SUPPORTING EVIDENCE** |
|---|---|
| 21. Urban purported to register UB-4701 with the United States Copyright Office as unpublished on January 17, 2014 as part of a collection of designs entitled "Urban Textile-46," which also included designs UB-4698, UB-4699, UB-4715, UB-4700, UB-4702, and UB-4703 pursuant to registration No. VAu 1-158-171.  Urban represented that these designs were unpublished as of the date of their January 17, 2014 registration. | Exhibit 6. |
| 22. Urban published UB-4701, like UB-4694, by offering it for sale in a series of e-mails to California Blue in December 2013 | Exhibits 13 and 14. |
| 23. Urban created and registered UB-4638 before UB-4701. Urban has acknowledged that UB-4638 and UB-4701 are the same design but with different colors.  Indeed, Mr. Chong testified that his staff prepared the registration application for UB-4701 even though it is the same (other than coloration) as UB-4638 and did not need to be registered again. | Exhibit 9 at 159:7-9, 160:18-24, 161:3-162:7; *see also* Exhibit 1 (referring to UB-4638 and UB-4701 collectively). |

## CONCLUSIONS OF LAW

| **CONCLUSIONS OF LAW** | **AUTHORITY** |
|---|---|
| 1. Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. | Fed. R. Civ. P. 56(c). |
| 2. A genuine issue of material fact must be more than a scintilla of evidence or evidence that is merely colorable or not significantly probative. | *Addisu v. Fred Meyer*, 198 F.3d 1130, 1134 (9th Cir. 2000). |
| 3. Only genuine disputes on facts that might affect the outcome of the case will preclude summary judgment. | *See Andersen v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). |

Drinker Biddle & Reath LLP
Attorneys At Law
Los Angeles

Separate Statement of Uncontroverted Facts and Conclusions of Law
88014181.1
- 4 -
CASE NO. 2:15-CV-03456 ODW (FFMx)

| **CONCLUSIONS OF LAW** | **AUTHORITY** |
|---|---|
| 4. Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." | *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). |
| 5. A copyright litigation plaintiff must prove ownership of a valid copyright registration as a prerequisite to the prosecution of its claims. | 17 U.S.C. § 411; *Topolos v. Caldewey*, 698 F.2d 991, 994 (9th Cir.1983) ("Ownership of the copyright is...always a threshold question."). |
| 6. A certificate of registration constitutes *prima facie* evidence of the validity of the copyrights and of the facts stated in the certificate. | 17 U.S.C. § 410(c). |
| 7. The presumptions of ownership and validity may be overcome by the "'offer [of] some evidence or proof to dispute or deny the plaintiff's *prima facie* case of infringement.'" | *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1145 (9th Cir. 2003) (quoting *Entm't Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1217 (9th Cir. 1997)). |
| 8. The Copyright Act expressly authorizes the Register of Copyrights (the "Register") to proscribe the conditions and procedures for the registration of copyrights and the applications for registration. | 17 U.S.C. §§ 408(c)(1), 409. |
| 9. If all of the legal and formal requirements of registration have not been met, the certificates of registrations may be cancelled. | 17 U.S.C. §§ 410(b), 411(b)(2); *see also* 37 C.F.R. § 201.7(b). |
| 10. In order to maintain this action, Urban must prove that it satisfied the requirements for registration set forth in the federal regulations promulgated by the Register. | *See* 17 U.S.C. § 411. |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
88014181.1

- 5 -

CASE NO. 2:15-CV-03456 ODW (FFMx)

| **CONCLUSIONS OF LAW** | **AUTHORITY** |
|---|---|
| 11. The Copyright Act permits the registration of a group of related works in a single registration for a collection. | 17 U.S.C. § 408(c)(1). |
| 12. For the purposes of registration as a single work, the federal regulations distinguish between published works and unpublished works. | *See* 37 C.F.R. § 202.3(b)(4)(i). |
| 13. A work is "published" for the purposes of the Copyright Act when copies of the work are distributed "to the public by sale or other transfer of ownership, or by rental, lease, or lending," or offered to be distributed "to a group of persons for purposes of further distribution." | 17 U.S.C. § 101. |
| 14. "Publication occurs when fabric, carpet, or wallpaper samples are offered to sales representatives for the purpose of selling those works to wholesalers and retailers." | U.S. Copyright Office, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES ("COMPENDIUM") § 1906.1 (3d ed. 2014). |
| 15. The COMPENDIUM is "the administrative manual of the Register of Copyrights [and] provides expert guidance to… practitioners, scholars [and] the courts… regarding institutional practices and related principles of law." | COMPENDIUM at Introduction. |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
88014181.1

- 6 -

CASE NO. 2:15-CV-03456 ODW (FFMx)

| **CONCLUSIONS OF LAW** | **AUTHORITY** |
|---|---|
| 16. Courts routinely cite the COMPENDIUM as authority on copyright issues. | *See, e.g.*, *Alaska Stock, LLC v. Houghton Mifflin Harcourt Publishing Co.*, 747 F.3d 673, 684 (9th Cir. 2014) (finding the COMPENDIUM "persuasive" concerning the registration requirements for databases); *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1041-42 (9th Cir. 2014) (finding the COMPENDIUM "persuasive" on the issue of conceptual separability); *Jane Envy, LLC v. Infinite Classic Inc.*, No. 5:14-CV-83-DAE, 2014 WL 7338884, at *4 (W.D. Tex. Dec. 22, 2014) (noting that the COMPENDIUM "may be referred to as persuasive authority representing the legal determinations of the Copyright Office."). |
| 17. A published work mistakenly included in an unpublished collection is not validly registered as part of the collection. | COMPENDIUM § 1802.7(C). |
| 18. Prior publication invalidates the registration as to the previously published work. | *See L.A. Printex Indus. v. Aeropostale*, 676 F.3d 841 (9th Cir. 2012); *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 230 (S.D.N.Y. 2012); *Ledesma v. Del Records, Inc.*, No. 2:15-cv-04266-ODW-GJSx, 2015 WL 8023002 at *3 (C.D. Cal. Dec. 4, 2015). |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
88014181.1

- 7 -

CASE NO. 2:15-CV-03456 ODW (FFMx)

| **CONCLUSIONS OF LAW** | **AUTHORITY** |
|---|---|
| 19. "A supplementary registration is not acceptable to correct a registration that did not identify the work as published. The deposit requirement for a published work is different from that for an unpublished work. Therefore, the proper deposit requirement has not been met and cannot be met with a supplementary registration. In this case, another basic registration should be made with the proper deposit materials for a published work." | U.S. Copyright Office, CIRCULAR 8 at 3 (2013). *See also*, COMPENDIUM § 1802.7(C) (same). |
| 20. Urban published UB-4694 before it registered it on January 17, 2014 by placing it in its Design Book upon completion of the design. | 17 U.S.C. § 101; U.S. Copyright Office, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES ("COMPENDIUM") § 1906.1 (3d ed. 2014). |
| 21. Moreover, Urban published UB-4694 before it registered it on January 17, 2014 by offering it for sale to a prospective customer, California Blue in December 2013, more than a month prior to the registration of the design as an unpublished work made for hire. | 17 U.S.C. § 101; U.S. Copyright Office, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES ("COMPENDIUM") § 1906.1 (3d ed. 2014). |
| 22. These defects cannot be remedied by amending the registration (because new deposits would need to be submitted) and instead it must be registered anew. | *See L.A. Printex Indus. v. Aeropostale*, 676 F.3d 841 (9th Cir. 2012); *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 230 (S.D.N.Y. 2012); *Ledesma v. Del Records, Inc.*, No. 2:15-cv-04266-ODW-GJSx, 2015 WL 8023002 at *3 (C.D. Cal. Dec. 4, 2015). |

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
88014181.1
- 8 -
CASE NO. 2:15-CV-03456 ODW (FFMx)

| **CONCLUSIONS OF LAW** | **AUTHORITY** |
|---|---|
| 23. Thus, Urban's registration of UB-4694 is invalid and no copyright infringement action can lie based upon it. | *See L.A. Printex Indus. v. Aeropostale*, 676 F.3d 841 (9th Cir. 2012); *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 230 (S.D.N.Y. 2012); *Ledesma v. Del Records, Inc.*, No. 2:15-cv-04266-ODW-GJSx, 2015 WL 8023002 at *3 (C.D. Cal. Dec. 4, 2015); 17 U.S.C. § 411(a). |
| 24. The judgment in the Cato Action is *res judicata* as to UB-4694. | *See Blonder-Tongue Lab v. University of Illinois Found.*, 402 U.S. 313 (1971) (in patent infringement suit, patentee was estopped from asserting validity of patent that was declared invalid in prior suit in federal court against different defendant unless patentee demonstrated that he did not have full and fair opportunity to litigate validity in prior suit); *see also* 3-12 Nimmer on Copyright § 12.07 (2015) ("If…the copyright were held invalid in an earlier action, in a later action involving the same plaintiff but not the same defendant, it would appear that such later defendant may interpose a defense of collateral estoppel, notwithstanding the fact that he was not a party to the earlier action."). |
| 25. Urban published UB-4701 before it registered it on January 17, 2014 by offering it for sale to a prospective customer, California Blue in December 2013, more than a month prior to the registration of the design as an unpublished work made for hire. | 17 U.S.C. § 101; U.S. Copyright Office, COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES ("COMPENDIUM") § 1906.1 (3d ed. 2014). |

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
88014181.1
- 9 -
CASE NO. 2:15-CV-03456 ODW (FFMx)

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

| **CONCLUSIONS OF LAW** | **AUTHORITY** |
|---|---|
| 26. The Copyright Office "cannot register mere variations in coloring, regardless of whether the variations are made by hand, by computer, or any other process." As the Compendium explains, the Copyright Office will not register "a new version of a fabric design where the colors red and blue are substituted for the colors yellow and green." | COMPENDIUM § 313.4(K). |
| 27. Thus, Urban's registration of UB-4701 is invalid and no copyright infringement action can lie based upon them. | *See L.A. Printex Indus. v. Aeropostale*, 676 F.3d 841 (9th Cir. 2012); *Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 230 (S.D.N.Y. 2012); *Ledesma v. Del Records, Inc.*, No. 2:15-cv-04266-ODW-GJSx, 2015 WL 8023002 at *3 (C.D. Cal. Dec. 4, 2015); 17 U.S.C. § 411(a). |

Dated: March 6, 2017

DRINKER BIDDLE & REATH LLP

By: */s/ Adam J. Thurston*
    Adam J. Thurston
    Ryan S. Fife
    Jessica R. Medina

Attorneys for Defendants
Mark-Edwards Apparel Inc. and
Specialty Retailers, Inc.

DRINKER BIDDLE & REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW
88014181.1

- 10 -

CASE NO. 2:15-CV-03456 ODW (FFMx)