# United States District Court
# Central District of California

| | |
|---|---|
| URBAN TEXTILE, INC., <br>       Plaintiff, <br>     v. <br> SPECIALTY RETAILERS, INC.; <br> MARK-EDWARDS APPAREL INC.; and <br> DOES 1-10, inclusive, <br>       Defendants. | Case № 2:15-cv-03456-ODW (FFM) <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [52];** *SUA SPONTE* **ENTERING SUMMARY JUDGMENT AS TO PLAINTIFF'S REMAINING CLAIMS; AND DENYING AS MOOT PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT [54], FOR LEAVE TO AMEND [62], AND FOR SANCTIONS [63]** |

## I. INTRODUCTION

Four motions are currently pending before the Court. Defendants Specialty

1 | Retailers, Inc. and Mark-Edwards Apparel Inc. (together, "Defendants") have moved for partial summary judgment against Plaintiff Urban Textile, Inc. ("Urban") (ECF No. 52), and Urban has moved for summary judgment (ECF No. 54), leave to amend the complaint (ECF No. 62), and sanctions against Defendants (ECF No. 63). After these motions were briefed but before their respective hearing dates, the Court entered partial summary judgment in a related case styled as *Urban Textile, Inc. v. Mark-Edwards Apparel Inc. et al.* ("*Mark-Edwards*") (case number 2:14-cv-8285). In light of its decision in *Mark-Edwards*, the Court requested additional briefing from the parties on issues of collateral estoppel. (ECF No. 76.) The parties have now provided the Court with supplemental briefing, and the matters are ready for decision.[1] For the reasons discussed below, the Court **GRANTS** Defendants' motion for partial summary judgment, *sua sponte* **ENTERS SUMMARY JUDGMENT** as to Plaintiff's remaining claims, and **DENIES AS MOOT** Plaintiff's motions for summary judgment, for leave to amend the complaint, and for sanctions.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In this copyright action, Urban alleges infringement of four of its fabric textile designs, numbered UB-4694; UB-4638; UB-4701; and UB-4672. (*See generally* First Am. Compl. ("FAC").) This is not Urban's only copyright action in the Central District of California. Other than *Mark-Edwards* and the instant case, Urban has also filed a case titled *Urban Textile, Inc. v. Rue 21 Inc., et al.* ("*Rue 21*") (case number 2:16-cv-9155). The defendants in these related actions overlap to varying degrees with the defendants in the instant case.

On March 31, 2017, the Court entered partial summary judgment against Urban in *Mark-Edwards* as to eleven out of the twelve designs Urban asserted in that case. (*See* Order Granting Partial Summ. J., ECF No. 139 in *Mark-Edwards*.) The Court based its decision on a finding that Urban could not, as a matter of law, prove that it

---

[1] After carefully considering the papers filed in support of and in opposition to the Motions, the Court deems them appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

owned valid copyright registrations for the designs at issue. (*See id.* at 5.) This finding was brought about by the imposition of discovery sanctions. When Urban refused to produce any information regarding publication, the Magistrate Judge determined as a matter of law that Urban had "published" its copyrighted designs prior to registration as part of an unpublished collection. (*Id.*; *see also* Recomm. of Magistrate Judge Mumm, ECF No. 136.)

The designs in *Mark-Edwards* overlap with all of the designs at issue in this case.[2] Because the basis for summary judgment in *Mark-Edwards* goes to the registration of the designs, the Court ordered the parties in this case to submit supplemental briefing on the possibility of collateral estoppel. In their supplemental briefing, Defendants argue convincingly that because the Court already determined in *Mark-Edwards* that Urban cannot demonstrate ownership of valid copyright registrations for the designs at issue, it should reach the same result in the present case. (Def. Supp. Br. 1, ECF No. 78.) Urban did not address the collateral estoppel issue but instead asked the Court to stay the instant case pending the resolution of *Mark-Edwards* on appeal to the Ninth Circuit. (Pl. Supp. Br. 1, ECF No. 77.)

### III. LEGAL STANDARD

Federal courts will not relitigate issues in a second action that have already been litigated—and were necessary to the outcome—in a prior action. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n.5 (1979). This doctrine, called "issue preclusion," applies when

> (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom [issue preclusion] is asserted was a party or in privity with a party at the first proceeding.

*Paulo v. Holder*, 669 F.3d 911, 917 (9th Cir. 2011) (brackets in original; quoting *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000). Moreover,

---

[2] In *Mark-Edwards*, the Court also entered summary judgment as to seven of Urban's designs not asserted in this case.

invocation of claim preclusion requires that the first adjudication offered a "full and fair opportunity to litigate." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 859 (9th Cir. 2016) (quoting *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481 & n.22 (1982)).

## IV. DISCUSSION

In their motion for partial summary judgment, Defendants request that the Court enter judgment as to designs UB-4701 and UB-4694. (Mot. for Partial Summ. J. 1.) However, as discussed below, the Court finds that summary judgment is appropriate not only for UB-4701 and UB-4694 but also as to Urban's other two claimed designs.

**A.  Collateral Estoppel as to the Overlapping Textile Designs**

Collateral estoppel based on the outcome in *Mark-Edwards* is proper in this case. First, the issue in *Mark-Edwards* is identical to the issue in the present action. The entry of partial summary judgment in *Mark-Edwards* was based on Urban's failure to meet the first element required for a claim of copyright infringement—proof of valid copyright registration. (*See* Order Granting Partial Summ. J. in *Mark-Edwards*.) Because as a matter of law Urban could not meet that requirement, its copyright infringement claims necessarily failed. Here, the same textile designs are at issue. Thus, the problems with the registration process described in *Mark-Edwards* are also relevant here. Further, the issue of the registrations' validity was necessary to the decision in *Mark-Edwards*; indeed, it was the entire basis for that decision. Therefore, the issue here is identical to the issue in the previous proceeding, which was necessary to the outcome in that action. *See Paulo*, 669 F.3d at 917.

Next, the circumstances here meet the second element required for collateral estoppel—that the original proceeding end with a final judgment on the merits. All that is needed to meet this standard is that the judgment on the particular *issue* is final and conclusive. *Luben Indus., Inc. v. U.S.*, 707 F.2d 1037, 1040 (9th Cir. 1983); *see also Lummus Co. v. Commonwealth Oil Refining Co.*, 297 F.2d 80, 89 (2d Cir. 1961).

Therefore, because the entry of partial summary judgment in *Mark-Edwards* represents the Court's final decision as to designs UB-4694, UB-4638, UB-4701, and UB-4672, the fact that *Mark-Edwards* remains pending as to one other design does not preclude the application of collateral estoppel. This element is also met.

Third, the party against whom collateral estoppel is asserted was a party in the first action. Urban is the plaintiff in both the present case and *Mark-Edwards*. *See Paulo*, 669 F.3d at 917.

Finally, the circumstances of the Court's entry of partial summary judgment in *Mark-Edwards* are such that Urban was offered a full and fair opportunity to litigate. *See Garity*, 828 F.3d at 859. Although the decision in *Mark-Edwards* was based on a discovery sanction, this does not mean that Urban was not offered a full and fair opportunity to litigate. The discovery sanction in *Mark-Edwards* determined as a matter of law that Urban "published" the subject designs prior to registering them as part of an unpublished collection, and this sanction was entered only after Urban repeatedly failed to produce evidence on the topic of pre-publication. (*See* Order Granting Partial Summ. J. in *Mark-Edwards*.) Discovery is part of the litigation process. *See Lowry v. Heritage Sec.*, No. 09-CV-882-BTM (WVG), 2011 WL 7769329, at *16 (S.D. Cal. July 7, 2011) ("Discovery is a crucial part of litigation and allows each party the opportunity to obtain information and evidence to prove its case or defend itself"). The standard in the Ninth Circuit is that a party must have been *offered* a full and fair opportunity to litigate. *See Garity*, 828 F.3d at 859. Here, Urban declined that opportunity and instead chose the unfair tactic of refusing to engage in the discovery process. It should not now be allowed to benefit from that refusal by avoiding collateral estoppel. Thus, the Court finds that Urban was offered a full and fair opportunity to litigate in the first proceeding.

Because the Court finds that collateral estoppel applies, it enters the same judgment against Urban as it did in *Mark-Edwards*: Urban's claims of copyright infringement as to designs UB-4694, UB-4638, UB-4701, and UB-4672 fail as a

matter of law. The Court **GRANTS** Defendants' motion for partial summary judgment on this basis as to designs UB-4701 and UB-4694. In addition, the Court *sua sponte* **ENTERS SUMMARY JUDGMENT** as to Urban's other two asserted designs, UB-4368 and UB-4672.

**B.    Urban's Outstanding Motions**

As mentioned above, Urban's response to the Court's request for supplemental briefing was simply to ask that the Court stay this case pending the resolution of Urban's appeal to the Ninth Circuit. (Pl. Supp. Br. 1.) However, Urban's appeal of the *Mark-Edwards* decision is not based on a final appealable order. *See Dannenberg v. Software Toolworks Inc.*, 16 F.3d 1073, 1074 (9th Cir. 1994) ("It is axiomatic that orders granting partial summary judgment, because they do not dispose of all claims, are not final appealable orders"). Though the Court of Appeals has not yet disposed of Urban's claim, this Court determines that Urban's chances of success are miniscule because the Court's order is not ripe for appeal. This further demonstrates that a stay is not warranted. *See Nken v. Holder*, 556 U.S. 418, 426 (2009) (noting that one of the "traditional" factors in determining the prudence of a stay is "whether the stay applicant has made a strong showing that he is likely to succeed on the merits"). Here, Urban has made no showing whatsoever that it is likely to succeed on the merits. For several reasons, then, a stay is not warranted. As such, and because the Court now enters summary judgment in this case as to each of Urban's asserted designs, the Court **DENIES AS MOOT** Urban's pending motions for summary judgment, for leave to amend, and for sanctions.

//
//
//
//
//

**V.    CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Defendants' motion for partial summary judgment (ECF No. 52), *sua sponte* **ENTERS SUMMARY JUDGMENT** as to Plaintiff's remaining two claims, and **DENIES AS MOOT** Plaintiff's pending motions for summary judgment, for leave to amend, and for sanctions (ECF Nos. 54, 62, 63.)

**IT IS SO ORDERED.**

May 5, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**